

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*PHILIP R. SELLINGER*
*United States Attorney*

*SARA ALIABADI*
*Assistant United States Attorney*

*2022R00846*

*Camden Federal Building & U.S. Courthouse*
*401 Market Street, 4th Floor*          *856-757-5026*
*Post Office Box 2098*
*Camden New Jersey 08101-2098*

October 2, 2024

Maggie Moy, Esquire
Assistant Federal Public Defender
800-850 Cooper Street, Suite 350
Camden, New Jersey 08102

      Re:   <u>Plea Agreement with Bhushan Athale</u>    *25-cr-0065 (ESK)*

Dear Ms. Moy:

This letter sets forth the plea agreement between your client, Bhushan Athale, and the United States Attorney for the District of New Jersey and Department of Justice's Civil Rights Division ("this Office"). This offer will expire on **November 13, 2024**, if it is not accepted in writing by that date. If Bhushan Athale does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Bhushan Athale to a two-count Information, which charges Bhushan Athale in Count One with Interference with Federally Protected Activities, including the threatened use of a dangerous weapon, *to wit*, a razor blade, in violation of 18 U.S.C. § 245(b)(2)(C); and in Count Two with Interstate Threats, including threats to injure, in violation of 18 U.S.C. § 875(c), based on a series of voicemails that Bhushan Athale transmitted to Individual 1 and others working at Organization 1 in New Jersey on or about September 17, 2022.

If Bhushan Athale enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Bhushan Athale for threatening to physically injure Individual 1, Individual 3, and other Sikhs working at Organization 1, as well as interfering with the federally protected rights of employment of these same

individuals,[1] based on the individuals' actual or perceived religion, on September 17, 2022 and March 21, 2024, as described in the Complaint against Bhushan Athale at Mag. No. 24-mj-7051 (EAP).

This Office also will not initiate any criminal charges against Bhushan Athale for making threats against Individual 4 and his family, which were based on these individuals' actual or perceived religion, on or about November 6 and 7, 2021, in Omaha, Nebraska, as described in the Complaint against Bhushan Athale at Mag. No. 24-mj-7051 (EAP).[2]

This Office also will not initiate any criminal charges against Bhushan Athale for making threats over email against an individual located in Prosper, Texas ("Individual 5"), who worked for a recruiting organization ("Organization 3") that worked with Bhushan Athale, which threats were based on Individual 5's actual or perceived religion, from on or about May 28, 2024 to on or about May 31, 2024.[3]

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Bhushan Athale even if the applicable statute of limitations period for those charges expires after Bhushan Athale signs this agreement, and Bhushan Athale agrees not to assert that any such charges are time-barred.

Sentencing

Count One

The violation of 18 U.S.C. § 245(b)(2)(C) to which Bhushan Athale agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3)

---

[1]    The parties agree that the identity of Organization 1 is known to both Bhushan Athale and the Government.

[2]     The parties agree that both the identity of Individual 4 and the identity of the organization where Individual 4 previously worked with Bhushan Athale, Organization 2, are known to Bhushan Athale and the Government.

[3]    The parties agree that the identity of Organization 3 is known to both Bhushan Athale and the Government, and that Bhushan Athale spoke on the phone which Individual 5 and corresponded via email with Individual 5.

twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Count Two

The violation of 18 U.S.C. § 875(c) to which Bhushan Athale agrees to plead guilty carries a maximum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Bhushan Athale is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Bhushan Athale is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Bhushan Athale ultimately will receive.

Further, in addition to imposing any other penalty on Bhushan Athale, the sentencing judge as part of the sentence:

(1)     will order Bhushan Athale to pay an assessment of $100 per count, for a total of $200, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Bhushan Athale to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and

(3)     pursuant to 18 U.S.C. § 3583, the Court may require Bhushan Athale to serve a term of supervised release of not more than 3 years on Counts One and Two, which will begin at the expiration of any term of imprisonment imposed. Should Bhushan Athale be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Bhushan Athale may be sentenced to not more than 2 years' imprisonment on Counts One and Two, which could be ordered to be served consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without

- 3 -

credit for time previously served on post-release supervision, and may
be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A or
Victim and Witness Protection Act, 18 U.S.C. § 3663, Bhushan Athale agrees to pay
full restitution to the victims of the offenses of conviction or from the scheme,
conspiracy, or pattern of criminal activity underlying that offense in an amount that
fully compensates the victim[s] for the losses sustained as a result of those offenses.
Specifically, Bhushan Athale agrees to pay full restitution to Individual 1,
Individual 3, and other employees working at Organization 1, for any losses arising
from Bhushan Athale's threats against them or Bhushan Athale's interference with
their federally protected activities on or about September 17, 2022 and March 21,
2024, which actions were based on these individuals' actual or perceived religion, as
described in the Complaint filed against Bhushan Athale in Mag. No. 24-mj-7051
(EAP).

In addition, Bhushan Athale agrees to pay full restitution to Individual 4 for
any losses arising from Bhushan Athale's threats to Individual 4 and his family in
Omaha, Nebraska, on or about November 6, 2021 and November 7, 2021, which
threats were based on these individuals' actual or perceived religion, as described in
the Complaint filed against Bhushan Athale in Mag. No. 24-mj-7051 (EAP).

In addition, Bhushan Athale agrees to pay full restitution to Individual 5 for
any losses arising from Bhushan Athale's threats to Individual 5 in Prosper, Texas,
from on or about May 28, 2024 to on or about May 31, 2024, which were based on
Individual 5's actual or perceived religion.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any
position with respect to the appropriate sentence to be imposed on Bhushan Athale
by the sentencing judge. This Office may also correct any misstatements relating to
the sentencing proceedings and provide the sentencing judge and the United States
Probation Office all law and information relevant to sentencing, favorable or
otherwise. And this Office may inform the sentencing judge and the United States
Probation Office of: (1) this agreement; and (2) the full nature and extent of
Bhushan Athale's activities and relevant conduct with respect to this case.

Stipulations

This Office and Bhushan Athale will stipulate at sentencing to the
statements set forth in the attached Schedule A, which is part of this plea
agreement. Both parties understand that the sentencing judge and the United
States Probation Office are not bound by those stipulations and may make

independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Bhushan Athale waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Bhushan Athale understands that, if Bhushan Athale is not a citizen of the United States, Bhushan Athale's guilty plea to the charged offenses will likely result in Bhushan Athale being subject to immigration proceedings and removed from the United States by making Bhushan Athale deportable, excludable, or inadmissible, or ending Bhushan Athale's naturalization. Bhushan Athale understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Bhushan Athale wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of Bhushan Athale this plea, even if this plea will cause Bhushan Athale's removal from the United States. Bhushan Athale understands that Bhushan Athale is bound by this guilty plea regardless of any immigration consequences. Accordingly, Bhushan Athale waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Bhushan Athale also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Department of Justice's Civil Rights Division and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Bhushan Athale. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Bhushan Athale from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Bhushan Athale and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:    SARA A. ALIABADI
Assistant U.S. Attorney
JASON M. RICHARDSON
Assistant U.S. Attorney

ERIC PEFFLEY
Trial Attorney
U.S. Department of Justice
Civil Rights Division

APPROVED:

MOLLY S. LORBER
Deputy U.S. Attorney
United States Attorney's Office
District of New Jersey

I have received this letter from my attorney, Maggie Moy, Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: Nov 11, 2024.
Bhushan Athale


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 11·11·2024
Maggie Moy, Esquire
Assistant Federal Public Defender

- 8 -

<u>Plea Agreement With Bhushan Athale</u>

<u>Schedule A</u>

1.      This Office and Bhushan Athale recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2023 applies in this case.

<u>Count 1: Interference with Federally Protected Activities</u>

3.      The applicable guideline is U.S.S.G. § 2H1.1(a)(1). Pursuant to this guideline, the applicable Base Offense Level is the offense level from the offense guideline that is applicable to any underlying offense. In this case, the underlying offense involves the threat of force against persons, as set forth below. Thus, the base offense level is 12. *See* U.S.S.G. § 2A6.1(a)(1)

4.      Specific Offense Characteristic U.S.S.G. § 2A6.1(b)(2)(A) applies because the offense involves more than two threats. In particular, the offense involves one or more threats that were communicated by Bhushan Athale on or about September 17, 2022 and one or more threats that were communicated by Bhushan Athale on or about March 21, 2024; and all of these threats were motivated by the victims' actual or perceived religion, as described in the Complaint filed against Bhushan Athale in Mag. No. 24-mj-7051 (EAP). This Specific Offense Characteristic results in an increase of 2 levels.

5.      Bhushan Athale intentionally selected the victims as the objects of his offenses—that is, the threats that he communicated on or about September 17, 2022 and March 21, 2024—because of the victims' actual or perceived religion. This results in an increase of 3 levels. *See* U.S.S.G. § 3A1.1(a).

6.      Accordingly, the adjusted offense level for Count 1 is 17.

<u>Count 2: Interstate Threats</u>

7.      The applicable guideline is U.S.S.G. § 2A6.1. This guideline carries a Base Offense Level of 12. *See* U.S.S.G. § 2A6.1(a)(1).

8.      Specific Offense Characteristic U.S.S.G. § 2A6.1(b)(2)(A) applies because the offense involves more than two threats. In particular, the offense involves one or more threats that were communicated by Bhushan Athale on or about September 17, 2022 and one or more threats that were communicated by Bhushan Athale on or about March 21, 2024; and all of these threats were motivated by the victims' actual or perceived religion, as described in the Complaint

filed against Bhushan Athale in Mag. No. 24-mj-7051 (EAP). This Specific Offense Characteristic results in an increase of 2 levels.

9.    Bhushan Athale intentionally selected the victims as the objects of his offenses—that is, the threats that he communicated on or about September 17, 2022 and March 21, 2024—because of the victims' actual or perceived religion. This results in an increase of 3 levels. *See* U.S.S.G. § 3A1.1(a).

10.    Accordingly, the adjusted offense level for Count 2 is 17.

Grouping of Counts 1 and 2

11.    Pursuant to U.S.S.G. § 3D1.2(a), Counts 1 and 2 group together because the counts involve the same victims and the same acts or transactions. Therefore, the combined offense level is 17.

Pseudo Count 3 – Interstate Threats to Individual 4

12.    Pursuant to U.S.S.G. § 1B1.2(c), Bhushan Athale agrees that his threats to Individual 4 in November 2021 will be treated as relevant conduct.

13.    The applicable guideline is U.S.S.G. § 2A6.1. This guideline carries a Base Offense Level of 12. See U.S.S.G. § 2A6.1(a)(1).

14.    Bhushan Athale intentionally selected the victim as the object of the offense—that is, for the threats that he communicated—because of the victim's actual or perceived religion. This results in an increase of 3 levels. *See* U.S.S.G. § 3A1.1(a).

15.    Accordingly, the adjusted offense level for Count 3 is 15.

Pseudo Count 4 – Interstate Threats to Individual 5

16.    Pursuant to U.S.S.G. § 1B1.2(c), Bhushan Athale agrees that his threats to Individual 5 in May 2024 will be treated as relevant conduct.

17.    The applicable guideline is U.S.S.G. § 2A6.1. This guideline carries a Base Offense Level of 12. *See* U.S.S.G. § 2A6.1(a)(1).

18.    Bhushan Athale intentionally selected the victim as the object of his offense—that is, for the threats that he communicated—because of the victim's actual or perceived religion. This results in an increase of 3 levels. *See* U.S.S.G. § 3A1.1(a).

19.    Accordingly, the adjusted offense level for Count 4 is 15.

Grouping

20.     Because Counts 1 and 2 involve the same victims and the same acts or transactions, they will treated together as one group. Since Pseudo Counts 3 and 4 involve separate victims, they will be treated as separate groups. U.S.S.G. § 3D1.2. Because Psuedo Counts 3 and 4 are between 1 to 4 levels less serious than the group for Counts 1 and 2, each will be counted as one unit. U.S.S.G. § 3D1.4(a). Because there are three units in total, 3 levels are added to the group with the highest offense level. Accordingly, Bhushan Athale's total combined offense level is 20.

All Counts

21.     As of the date of this letter, Bhushan Athale has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Bhushan Athale's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

22.     As of the date of this letter, Bhushan Athale has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Bhushan Athale's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Bhushan Athale enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Bhushan Athale's acceptance of responsibility has continued through the date of sentencing and Bhushan Athale therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Bhushan Athale's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

23.     In accordance with the above, the parties agree that the total Guideline Offense level applicable to Bhushan Athale is 17 (the "Total Offense Level").

24.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

25.     If the term of imprisonment does not exceed 30 months, and except as specified in the next paragraph below, Bhushan Athale will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing

judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

26.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).